IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

V.                                                           CRIMINAL NO. 4:09-CR-19-DPJ-LRA

CURTIS GRACE                                                                    DEFENDANT

**ORDER**

This criminal matter is before the Court on Defendant Curtis Grace's motion to sever [65]. The multi-count indictment charges Grace and co-defendants Darren Grace and LaChristopher Russell with conspiring to willfully damage surveillance equipment of the Drug Enforcement Administration. Other counts of the indictment charge additional co-defendants with conspiring with LaChristopher Russell to possess with the intent to distribute controlled substances. The Court, having fully considered the parties' submissions and the applicable authority, concludes that Defendant's motion should be denied.

I.   Analysis

Rule 8(b) of the Federal Rules of Criminal Procedure allows for the joinder of multiple defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Grace concedes that joinder was proper. He contends, however, that the Court should sever his case under Rule 14(a), which allows severance of joined defendants only where joinder "appears to prejudice a defendant or the government." "Prejudice" means "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The Fifth Circuit Court of Appeals has generally noted that "[p]ersons indicted together should be tried together, especially in conspiracy cases." *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008) (citing *United States v. Miranda*, 248 F.3d 434, 439 (5th Cir. 2001) (quoting *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994))). Indeed, joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209 (1987). Finally, the defendant carries the burden of showing "specific and compelling" prejudice that outweighs the "public interest in judicial efficiency and economy." *Zafiro*, 506 U.S. at 537.

Defendant Grace generically raises the following three arguments: (1) his defense will be tainted by evidence related to the possession charges against his co-defendants; (2) he will be deprived of the co-defendants' testimony, and (3) the defenses could be different. None of these arguments satisfy Defendant's burden.

A. Taint

Defendant Grace first claims that he will be prejudiced by the fact that he was not charged in those counts of the indictment related to possession with intent to distribute controlled substances. He then baldly claims that the potential for confusion cannot be cured by instructions or cross-examination because the co-defendants may not testify. Starting with the claimed taint and the insufficiency of cautionary instructions, the arguments are unavailing.

As stated above, there is a preference for joint trails. *Richardson*, 481 U.S. at 209. As noted in *Zafiro*, "[I]t is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." 506 U.S. at 540. Moreover, the Fifth Circuit has often observed that when defendants claim "prejudicial spillover because of the disparity of evidence against the defendants, limiting instructions can generally cure any

2

prejudice caused by joint trials." *United States v. McKinney*, 53 F.3d 664, 674 (5th Cir. 1995) (citations omitted). In this case, Defendant Grace failed to explain how the spillover might taint his case or why the instructions will not be adequate. This Court will obviously give timely cautionary instructions, and thus finds that this argument fails to demonstrate the need for severance.

      B.      Loss of Testimony

Defendant Grace claims that he may lose the opportunity to cross-examine co-defendants who exercise their right not to testify. There are instances when "a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial." *Zafiro*, 506 U.S. at 539. The test in this circuit is as follows:

> A movant seeking severance must demonstrate: 1) a bona fide need for the testimony, 2) the substance of the desired testimony, 3) its exculpatory nature and effect, and 4) the willingness of the co-defendant to testify at a separate trial. After such a showing, the court must consider: 1) the significance of the alleged exculpatory testimony in relation to the defendant's theory of defense, 2) the extent to which the defendant might be prejudiced by the absence of the testimony, 3) judicial administration and economy, and 4) the timeliness of the motion.

*United States v. Ramirez*, 954 F.2d 1035, 1037-38 (5th Cir. 1992) (citations omitted).

Applying the above cited test, the Fifth Circuit, in *United States v. Nguyen,* held that "without an affidavit from the co-defendant himself or other similar proof, 'conclusory allegation[s]' that a co-defendant would testify and what he or she would testify about is not sufficient. . . . [Likewise, r]epresentations by the defendant's attorney are not sufficient." 493 F.3d 613, 625 (5th Cir. 2007) (citing *United States v. Sparks*, 2 F.3d 574, 583 & n.10 (5th Cir. 1993) (listing precedent); *United States v. Neal*, 27 F.3d 1035, 1047 (5th Cir. 1994); *United*

3

*States v. Williams*, 809 F.2d 1072, 1084 (5th Cir. 1987)). Aside from the lack of supporting affidavits or similar evidence, Defendant Grace failed to address any of the four criteria for demonstrating prejudice for lack of co-defendant testimony. Because Defendant Grace failed to meet this initial burden, the motion must be denied without further consideration of the balancing test discussed in cases such as *Ramirez*.

    C.    Differing Defenses

Defendant claims that there are "defenses that will be asserted by other Co-Defendants that will not be asserted by this Defendant and vice versa, which will only serve to confuse the jury." This conclusory statement falls well short of the standard. In *Zafiro*, the Court expressly rejected the argument that severance is mandated "whenever codefendants have conflicting defenses." 506 U.S. at 538. To obtain severance, defenses must be antagonistic. *United States v. Rocha*, 916 F.2d 219, 231 (5th Cir. 1990). The "test for antagonistic defenses requires that the defenses be irreconcilable or mutually exclusive: the jury, in order to believe one defendant's defense, must necessarily disbelieve the antagonistic defense of another defendant. In other words, the core of one defendant's defense must be contradicted by a co-defendant's defense." *Id*. Defendant Grace has neither asserted nor established that his defenses are actually antagonistic to those of the other defendants, and the conclusory statement that the defendants' positions will not be identical is not sufficient. *Zafiro*, 506 U.S. at 538.

II.   Conclusion

For the reasons stated above, Defendant's motion to sever or alternatively for separate juries is denied.

**SO ORDERED AND ADJUDGED** this the 29th day of January, 2010.

                                       s/ *Daniel P. Jordan III*
                                       UNITED STATES DISTRICT JUDGE